BODDIE v. ELY.

1. On a note payable at a future day, with interest from the date, if not punctually paid, judgment may be properly rendered for principal, with interest from maturity.
2. In debt on such note, though the interest be demanded in the declaration, from the date, yet it not being demanded as a part of the debt itself, the declaration is sufficient.
3. Where damages were claimed in the writ, but the amount not stated in the declaration, the defect being amendable, will be considered as amended, and judgment for the damages sustained.

This was an action of debt, commenced in the Circuit Court of Lauderdale County, in April, 1828, by Ely, against Boddie. The writ was, "to answer William Ely, assignee of John Boardman, of a plea that he render to the said Ely, $720, with legal interest from the 8th day

of October, 1822, which to him he owes and unjustly de-
tains to his damage, $500; the commencement of the dec-
laration is in these words: "William Ely, assignee of John
Boardman, plaintiff, by his attorney, complains of Nathan
Boddie, defendant, being in custody, &c. in a plea, that he
render to William Ely, $920, with legal interest, from
the 8th day of October, 1822." The declaration then re-
cites, that the defendant made a note, dated the 8th day of
October, 1822, by which he promised to pay to the order
of Boardman, on the 1st of July, 1825, at the Mechanics'
Bank in New York, $920, with legal interest from the
date; with a provision that if the principal was paid punc-
tually when due, the interest should be remitted, and not
otherwise; that this note was assigned to the plaintiff, &c.;
that the defendant had failed to pay, &c., "to the damage of
the plaintiff, ————." To this declaration, the defend-
ant demurred. At October term, 1828, the demurrer
was overruled, and judgment given for the plaintiff for
"$920, the debt in the declaration mentioned, together
with the sum of $242. 27 damages," being the amount of
interest from the maturity only, of the note, to the date
of the judgment.

Boddie in this court assigns for error, 1st, the overruling
of the demurrer, and 2nd, that judgment was given for
damages, when none were laid in the declaration.

ELLIS, for the plaintiff in error.

CRABB, for the defendant, argued and cited 11. East,
62. 1. Chitty's pleadings, 346. 106. Term Reports, 553.
1. Comyn on Contracts, 387, 389, 390.

By JUDGE TAYLOR. The ground of demurrer is,
that the interest up to the maturity of the note, is claimed
as debt, and it is contended that the case of *Butler v. Lim-*
*erick,*[a] is in point; and unless that case is overruled, this  *a* Minor's Ala
demurrer must be sustained. In that case, Butler had  Rep. 115.
executed his note to Limerick for one thousand dollars,
payable one year after date, with interest from the date.——
The writ was issued for $1,080, and the declaration pur-
sued the writ. The judgment was rendered for $1080
debt, and interest from the maturity of the note on that
sum. Thus, interest on interest was demanded by the
writ and declaration, and given by the judgment. The
amount of the interest up to the maturity of the note, was

JULY 1830.

Boddie
v.
Ely.

added by the plaintiff to the principal, and included in his writ and declaration, as part of the debt *in numero.* This is not the case here. The declaration demands the interest, up to the maturity of the note, it is true, but it is as interest, and in the words of the note; and the judgment so far from being rendered for compound interest, only includes the principal and interest, from the maturity of the note. This cannot afford a ground for reversing the judgment, nor is it considered as coming at all within the influence of the case of *Butler v. Limerick.*

The second assignment is equally unavailable. Damages are laid in the writ to a greater amount than are rendered by the judgment, and although the declaration omits to lay damages, this deficit might at any time have been amended, in the Circuit Court, by the writ, and whatever is amendable in the inferior Court, will be considered in this Court as amended. Let the judgment be affirmed.

Judgment affirmed.